ABRAHAM R. GREGORY

v.

GEORGE W. SPENCER

PRACTICE—BILL OF EXCEPTIONS—WHAT MUST APPEAR IN.—The motion for new trial and affidavits upon which it is based, as well as instructions complained of, should be preserved in a bill of exceptions, or this court will not review the action of the court below. The affidavit and instructions copied into the record by the clerk form no part of the record.

Gregory v. Spencer.

Appeal from the County Court of Morgan county; the Hon. E. P. Kirby, Judge presiding.

Mr. E. M. Sanford, for appellant; that the court erred in permitting the case to go to trial without issue being joined or waived, to appellant's replication; cited Chitty's Pl. 499; Adams et al. v. Neely, 15 Ill. 380.

Under defendant's second plea, which was denied by plaintiff's replication, the burden of proof was upon the defendant: 1 Archbold's Nisi Prius, 207.

Messrs Brown & Russell, for appellee; that exceptions to a motion for new trial must be preserved by bill of exceptions, cited Horn v. Eckert, 63 Ill. 522; St. L. A. & T. H. R. R. Co. v. Dorsey, 68 Ill. 326; Hay v. Hayes, 56 Ill. 342; Snell v. Trustees etc. 58 Ill. 290; Gaddy v. McClean, 59 Ill. 182; Thompson v. White, 64 Ill. 314; Drew v. Beall, 62 Ill. 164.

Being copied by the clerk into the transcript does not make them a part of the record: Drew v. Beall, 62 Ill. 164; Grimes v. Butts, 65 Ill. 347; Saunders v. McCollins, 4 Scam. 419; Corey v. Russel, 3 Gilm. 367; Petty v. Scott, 5 Gilm. 209; Magher v. Howe, 12 Ill. 379; Moss v. Flint, 13 Ill. 570; Smith v. Wilson, 26 Ill. 186; Ballance v. Leonard, 37 Ill. 43; Gill v. People, 42 Ill. 321; Hartford Fire Ins. Co. v. Vanduzor, 49 Ill. 489.

In the absence of a bill of exceptions showing all the evidence, the court will presume there was sufficient evidence to support the judgment: Wilson v. McDowell, 65 Ill. 522; Brown v. Clement, 68 Ill. 192.

Going to trial without rejoinder to replication, it will be considered as waived: Granger v. Warrington, 3 Gilm. 299; McCully v. Silverburg, 18 Ill. 306; Stumps v. Kelly, 22 Ill. 140; Hazen v. Pierson et al. 83 Ill. 241; Robinson v. Brown, 82 Ill. 279.

Where a plea concludes to the country it is merely matter of form to add the *similiter*, and it is not error to proceed to trial without it: Stumps v. Kelley, 22 Ill. 140; Evans v. St. John,

9 Porter, 186; Swan v. Ray, 2 Blackf. 291; Tomplin v. Kralhn, 3 Ind. 373; Hazen v. Pierson et al. 83 Ill. 241.

PER CURIAM. This was a suit brought to recover upon a promissory note, given by appellee to appellant for $225, in May, 1876.

The cause was pending in the County Court for trial; plea of general issue and plea of payment were filed.

It appears that in the absence of plaintiff in error, the cause was submitted to a jury and tried, resulting in a verdict against appellant.

Appellant entered a motion in the court below for new trial; the court overruled the motion and entered judgment against plaintiff for costs. This action of the court, and the giving certain instructions on part of appellee, are assigned for error.

Upon examination of the record we find no bill of exceptions containing the affidavit on which such motion was based, and no instructions. We cannot, therefore, review the action of the court below. The affidavit and instructions copied into the record by the clerk, are no part of the record; they should have been preserved in a bill of exceptions. Horn v. Eckert, 63 Ill. 522.

We therefore affirm the judgment of the court below.

Affirmed.